UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTEZ LAMON WASHINGTON,<br><br>                                      Petitioner,<br>v.<br>STUART SHERMAN, Warden,<br>                                     Respondent. | Case No.: 15CV2448 MMA (BGS)<br><br>**ORDER DENYING REQUESTS FOR APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 30, 33] |

      Petitioner Cortez Lamon Washington has filed two Requests for Appointment of Counsel. (ECF Nos. 30, 33.) They are identical except for the different signature dates reflected. Petitioner indicates in each that he is indigent and unable to afford counsel. Petitioner's federal habeas Petition asserts claims relate to whether a prior conviction should have qualified as a strike and ineffective assistance of counsel.

      The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular

case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

Financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The appointment of counsel is discretionary when no evidentiary hearing is required. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (9th Cir. 1994). Courts also consider the clarity and coherence of a petitioner's district court pleadings in determining the necessity of appointment of counsel. *LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987.) Additionally, "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471.

Here, there is no indication that the issues are particularly complex or that Petitioner is incapable of presenting his claims. The Petition is clear and articulates the basis for Petitioner's claims. Petitioner has also attached numerous exhibits to his Petition in support of his claims that the Court will review in considering his Petition. Additionally, it does not appear that the Court's review will extend beyond the state court record, that an evidentiary hearing will be required, or that that appointment of counsel is necessary to avoid a due process violation.

The Court also notes that "the procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert,* 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and

*Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984)). The Court also notes that Respondent filed his Response to the Petition early, on June 19, 2019, and Petitioner's traverse is not due until August 12, 2019, giving Petitioner more than seven weeks to prepare his traverse.

In sum, the Court finds appointment of counsel is not warranted in this case. It does not appear that an evidentiary hearing will be necessary, the Court's review will be limited to the state court record, and Petitioner appears capable of adequately pursing his claims. Accordingly, both Requests for Appointment of Counsel are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: June 20, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge